**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:04CR41**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **REFUGIO CANDELARIO-GOMEZ** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's motion to

declare the forfeiture of the bond posted on behalf of the Defendant.

The Defendant was indicted in April 2004 and released from custody

on a $30,000 secured bond.  His sister agreed to secure his bond, signed

a real estate lien note as to her home and executed a deed of trust thereon

listing the United States as the beneficiary in the amount of $30,000.00.  A

condition of the bond was that the Defendant abide by any judgment

entered in the matter.  On December 8, 2004, the Defendant was

sentenced to a period of two years probation; however, on December 16,

2004, he failed to report to his probation officer to begin the probationary

sentence.  The Probation Office filed a failure to report petition and a

warrant for the Defendant's arrest issued in February 2005. To date, the Defendant has not been arrested, but it appears that he returned to Mexico and has been there since 2005. This matter went unnoticed until earlier this year when the Clerk of Court requested exoneration of the bond. In response to an inquiry from the Court, the Government objected to exoneration of the bond.

However, it appears that the Texas homestead law and the Texas constitution preclude the execution of the amount secured against the sister's homestead. **See, *e.g.*, V.T.C.A. Property Code § 41.001; Texas Constitution Article XVI, §§ 50, 51; *In re Sissom*, 2007 WL 1406449, \*1 (S.D. Tex. 2007) ("Such liberal exemption planning went hand in glove with a debtor's statutory right under Texas law to exempt a homestead regardless of its value."); *In re Bubert*, 61 B.R. 362 (W.D. Tex. 1986), *aff'd*, 809 F.2d 259 (5th Cir. 1987); *White v. Edzards*, 399 S.W.2d 935 (Tex. Civ. App. 1966).**

> The Fifth Circuit has observed that "In Texas, homestead rights are sacrosanct." Indeed, the Fifth Circuit very aptly described the high level of protection afforded homesteads in Texas by noting that: "We must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions. Indeed, we must uphold and enforce the Texas homestead laws even though in so doing we might unwittingly – or even knowingly, but powerless to avoid it – assist a

dishonest debtor in wrongfully defeating his creditor. This may account for the oft-repeated creditor's lament: 'Debtors either die or move to Texas.'"

***In re Sissom***, ***supra***, at **24 n.42 (quoting ***In re McDaniel***, 70 F.3d 841, 843 (5th Cir. 1995)).

As a result, the Court finds that the bond should be exonerated.

**IT IS, THEREFORE, ORDERED** that the Government's motion to declare forfeiture of the bond herein is **DENIED.**

**IT IS FURTHER ORDERED** that the bond referenced herein is hereby exonerated and the Clerk of Court is directed to write across the face of the Real Estate Lien Note and Deed of Trust that the bond has been exonerated and the Note and Deed of Trust are satisfied, and return same to the Grantors, Jesus Lopez Remigio and Alicia Candelario Remigio, in care of Larry R. Sinclair, Attorney at Law, 115 East Sixth Street, Post Office Box 537, Rusk, Texas, 75785.

Signed: May 17, 2007

Lacy H. Thornburg
United States District Judge